AL; tlf
*TLF 05/07/2024*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * CIVIL NO. 24-CV-1331 |
| ALL VIRTUAL CURRENCY IN THE BINANCE ACCOUNT WITH USER ID XXXX4134 | * |
| and | * |
| ALL VIRTUAL CURRENCY IN THE BINANCE ACCOUNT WITH USER ID XXXX8389 | * |
| Defendants *In Rem*. | * |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by its attorneys, Erek L. Barron, United States Attorney for the District of Maryland, and Alexander Levin, Assistant United States Attorney, brings this verified complaint for forfeiture in a civil action *in rem* and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

Nature of the Action

1. This is a civil forfeiture action *in rem* against all virtual currency contained in the Binance account with user ID XXXX4134 ("TARGET ACCOUNT 1") and the Binance account with user ID XXXX8389 ("TARGET ACCOUNT 2") (collectively, the "TARGET ACCOUNTS"). The virtual currency contained in these accounts (the "Defendant Property") constitutes or is derived from proceeds of a violation of 18 U.S.C. § 1343 (wire fraud) and is

property involved in money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), or property traceable to such a violation, and therefore should be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

The Defendants <i>In Rem</i>

2. The TARGET ACCOUNTS are virtual currency accounts held at the virtual currency exchange Binance Holdings Limited ("Binance"). The user ID for TARGET ACCOUNT 1 is XXXX4134. The user ID for TARGET ACCOUNT 2 is XXXX8389.

3. Between April and September 2021, fraudsters used the TARGET ACCOUNTS to store virtual currency obtained through a fraudulent "tech support" scam. Individuals engaged in the fraudulent scheme convinced victims to transfer funds from the victims' bank accounts into accounts controlled by the fraudsters. The fraudsters then converted the transferred funds to virtual currency and conducted additional transfers, eventually moving virtual currency derived from the victims' funds to the TARGET ACCOUNTS, where it was mixed with additional virtual currency in the TARGET ACCOUNTS.

4. On September 8, 2021, the Honorable Thomas M. DiGirolamo, United States Magistrate Judge for the District of Maryland, issued a warrant authorizing the seizure of funds from the TARGET ACCOUNTS. The Federal Bureau of Investigation ("FBI") served Binance with the seizure warrant shortly thereafter, and the contents of the TARGET ACCOUNTS were transferred into FBI custody on or about October 15, 2021.

5. The United States brings this action *in rem* in its own right to forfeit all right, title and interest in the Defendant Property.

6. This forfeiture is based on, but not limited to, the evidence outlined in the attached Declaration of Special Agent David Paniwozik, attached hereto as Exhibit A and incorporated herein by reference.

## Jurisdiction and Venue

7. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 18 U.S.C. § 981(a)(1)(A) and (C).

8. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the Plaintiff requests the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture took place in the District of Maryland.

## Legal Basis for Forfeiture

10. Title 18, United States Code, Section 981(a)(1)(A) subjects to forfeiture "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

11. Title 18, United States Code, Section 1956(a)(1)(B)(i) makes it unlawful for a person,

> knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, [to] conduct[] or attempt[] to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

3

12. Title 18, United States Code, Section 1956(c)(7)(A) defines "specified unlawful activity" to include "any act or activity constituting an offense listed in section 1961(1) of this title," and Title 18, United States Code, Section 1961(1)(B) lists "any act which is indictable under . . . section 1343 (relating to wire fraud)" as such an offense.

13. Title 18, United States Code, Section 981(a)(1)(C) similarly subjects to forfeiture "any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title)."

14. The Defendant Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) because it was involved in a transaction or attempted transaction designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of proceeds of wire fraud, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), or is property traceable to such a violation. The Defendant Property is also subject to forfeiture because it constitutes or is derived from proceeds of wire fraud, in violation of 18 U.S.C. § 1343.

**WHEREFORE**, the Plaintiff, the United States of America, respectfully requests that:

(i) process of forfeiture be issued against the Defendant Property;

(ii) due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

(iii) judgment be entered declaring the Defendants *in rem* be forfeited to the United States for disposition according to law; and

(iv) the United States be granted such other relief as this Court may deem just and proper.

Respectfully submitted,

Erek L. Barron
United States Attorney

_____
Alexander Levin
Assistant United States Attorney

5

## VERIFICATION

I, David Paniwozik, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based on reports and information known to me and/or furnished to me by other law enforcement agents and that everything represented herein is true and correct.

Date: 5/7/24

David Paniwozik
Special Agent
Federal Bureau of Investigation